CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 1 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GILBERT FITZGERALD MOBLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00481 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AMANDA G. PENNY, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Gilbert Fitzgerald Mobley, a prisoner in the custody of the state of South Carolina, has filed a pro se complaint, which the court construes as a civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff challenges a decision in the Circuit Court for Rockingham County, Virginia, changing the name of his minor child.[1] He contends that each of the defendants violated his constitutional rights because they "acted under Color of State Law."[2] Plaintiff seeks three million dollars in damages and injunctive relief directing the reversal of the name change order. For the reasons that follow, I will dismiss the complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[3]

---

[1] Plaintiff's submissions indicate that the mother, who moved for the name change, has full custody of the child pursuant to an order of the Rockingham County Juvenile & Domestic Relations Court entered on September 21, 2006.

[2] Plaintiff names the following parties as defendants: the judge who presided over the name change proceedings, the guardian ad litem appointed by the court to protect plaintiff's interests, the child's custodial parent, and the custodial parent's attorney.

[3] I note that this court lacks jurisdiction to review challenges to state court proceedings, except in habeas corpus actions. Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 199 (4th Cir. 1997); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This limitation, known as the Rooker-Feldman doctrine, does not preclude jurisdiction over a general challenge to a state statute or rule, as opposed to a challenge to a state court's decision in a particular case, as in the instant case. Feldman, 460 U.S. at 482-83; see also Exxon Mobil Corp. v. Saudi Basic Indust., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine operates in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").
I further note that this court does not have jurisdiction over decrees in divorce and child custody cases. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Even if this were an ordinary tort case between former

Plaintiff names the judge and his court-appointed guardian ad litem as defendants. As to the judge, it is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (citing Bradley v. Fisher, 80 U.S. 335 (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, Pulliam v. Allen, 466 U.S. 522, 536-543 (1984), Congress has amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers to declaratory relief. See Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir.2000); Johnson v. McCuskey, 72 Fed. Appx. 475, 477 (7th Cir.2003).

The doctrine of judicial immunity is expansive. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley, 80 U.S. at 347). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-357. Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not taken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." Forrester v. White, 484 U.S. 219, 227 (1988). "[T]he factors determining whether

---

spouses, id. (observing that federal courts have the power to act in such cases), plaintiff would be required to show that he was domiciled outside of Virginia prior to his incarceration before he could invoke this court's diversity jurisdiction, Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd 488 F.2d 977 (5th Cir. 1974). However, assuming arguendo that the court has jurisdiction, the complaint still fails, as plaintiff has not named individuals susceptible to suit under § 1983.

2

an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. With respect to the second inquiry, courts must distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. Id. at 356. The Supreme Court has emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356.

Applying these principles, I conclude that the judge plaintiff has named as a defendant is entitled to judicial immunity. The acts complained of by plaintiff were clearly judicial in nature, and plaintiff does not contend otherwise. Plaintiff complains of acts that the judge undertook while adjudicating the child's name change pursuant to the motion of the child's custodial parent. These proceedings resulted in the issuance of numerous orders (copies of which plaintiff has submitted to the court), the appointment of a guardian ad litem to represent the incarcerated plaintiff's interests, and a hearing. There is no doubt that appointing guardians ad litem, conducting hearings, and issuing orders are acts which are normally performed by judges. Such acts do not become non-judicial merely because they were allegedly taken in error. Mireles, 502 U.S. at 13. Additionally, plaintiff's allegations do not indicate that the judge acted in the clear absence of all jurisdiction. A judge acts in the complete absence of all jurisdiction only "if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." King v. Love, 766 F.2d 962, 965 (6th Cir.1985); see also Green v. Maraio, 722 F.2d 1013, 1017 (2d Cir.1983). It is clear that the order at issue here was entered during the course of a name change proceeding over which the Rockingham County Circuit Court had subject matter jurisdiction. See, e.g., Va. Code §§ 8.01-2, 8.01-217(D), 20-121.4, 37.2-1000,

3

37.2-1003. Thus, it is clear that Judge McGrath is entitled to judicial immunity. See Marshall v. Bowles, 92 Fed. Appx. 283, 284-85 (6th Cir.2004) (holding in a § 1983 action arising from a custody dispute that a domestic relations judge was entitled to judicial immunity as to all of the plaintiff's claims, including her claim that the judge violated her First Amendment rights by issuing a gag order that stopped the plaintiff's cable show); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir.1990) ("[e]ven if the speech-restrictive order was improper, Justice Soloff is immune from section 1983 damages because she did not act in the 'clear absence of all jurisdiction'"). Because it is apparent from plaintiff's allegations that all of plaintiff's claims against the judge arise from actions that were taken during the course of proceedings over which he had subject matter jurisdiction, the judge is absolutely immune from liability for damages arising out of his judicial actions. Additionally, § 1983 bars the plaintiff's request for injunctive relief.

Likewise, Michael Beckler, Esq., the guardian ad litem appointed to represent plaintiff, is immune from liability under § 1983, since all of the actions complained of occurred within the course of the name change proceedings during which he was acting as guardian ad litem. See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir.1994) ("[e]ven if Asbill lied to the judge in open court, she was still acting as the guardian, and is immune from § 1983 liability").

As private citizens, the other two defendants – Amanda G. Penny, the child's custodial parent, and J. Burns Earle, Esq., Ms. Penny's attorney – are not subject to liability under § 1983 unless they engage in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Plaintiff's conclusory allegations that these defendants acted under color of state law are legally insufficient. See

4

Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983) ("[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action").

Accordingly, I conclude that the plaintiff has failed to state a claim under § 1983. The complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[4]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of November, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[4] Having determined to dismiss the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over any claim plaintiff may purport to bring under state law. See 28 U.S.C. § 1367(c).